J-A21044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN TAYLOR HOVATTER | : | |
| | : | |
| Appellant | : | No. 1368 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 9, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003051-2019

BEFORE:   KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:             **FILED MARCH 7, 2023**

This matter was remanded from the Pennsylvania Supreme Court for reconsideration in light of its decision in ***Commonwealth v. Thorne***, 276 A.3d 1192 (Pa. 2022), in which the Court held that constitutional challenges to Revised Subchapter H of the Pennsylvania Sentencing Code, 42 Pa.C.S. §§ 9799.10-.42, which properly implicate the legality of a defendant's sentence cannot be waived.[1]   ***Id***. at 1197-98.   After further review, we remand to the

---

[*] Former Justice specially assigned to the Superior Court.

[1] In this Court's first adjudication of the present matter, we held, *inter alia*, that Appellant's several constitutional claims regarding his registration requirements under Subchapter H of the Pennsylvania Sentencing Code were waived due to his failure to raise them in the trial court.  On December 1, 2022, however, the Pennsylvania Supreme Court vacated our holding and remanded to this Court for reconsideration in light of *Thorne*, 276 A.3d at 1197-98.  ***See Commonwealth v. Hovatter***, 264 A.3d 371 (unpublished memorandum) (Pa. Super. filed Sept. 15, 2021) *appeal granted*, *vacated by* ***Commonwealth v Hovatter***,  (Pa. filed Dec. 1, 2022).

trial court for the development of a full factual record concerning Appellant's constitutional challenges that implicate the legality of his sentence.

Our prior memorandum decision set forth pertinent facts and the initial procedural history of this case before the trial court, which we summarize. A then-77 year-old Appellant had befriended the female victim's family through church in 2015 and frequently visited their family home over the next four years. In January 2019, the nine-year-old victim disclosed to her parents that Appellant had touched her genitals. Following a forensic interview, Appellant admitted he placed his hands on the victim's vagina and anus, but only over her clothing and with no penetration. He entered a negotiated guilty plea to one count of Indecent Assault pursuant to 18 Pa.C.S. § 3126(a)(7). **See** 42 Pa.C.S. §§ 9799.14(d)(8), 9799.15(a)(3) (categorizing that the commission of indecent assault against a complainant "less than 13 years of age" requires registration for "the life of the individual"). Appellant was also determined not to be a sexually violent predator ("SVP"). No post-sentence motion was filed, and Appellant appealed to this Court. In his concise statement of errors pursuant to Pa.R.A.P. 1925(b), Appellant raised for the first time several claims under the United States and Pennsylvania Constitutions regarding the validity of Revised Subchapter H.

Upon the present remand, we note that the crux of Appellant's appeal is a challenge that Subchapter H of Pennsylvania's Sexual Offender Registration and Notification Act (SORNA) 42 Pa.C.S. §§ 9799.10-9799.42

constitutes undue punishment both facially and as applied. In this regard, he alleges Revised Subchapter H unconstitutionally relies upon an irrebuttable presumption that all sexual offenders are dangerous and pose a high risk of committing additional sexual offenses. Because Appellant has raised his issues for the first time on appeal, and they implicate the legality of sentencing and, thus, cannot be waived, we follow the guidance of **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) and remand "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." **Id.** at 595.

Unlike the defendant in **Torsilieri**, however, Appellant has not offered any specific scientific evidence or learned testimony in support of his position. **Cf. id**. at 596 ("[I]t will be a rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination.").

This Court has held that cases raising arguments in conformity with **Torsilieri** are entitled to remand to the trial court for an evidentiary hearing where the claims have been raised for the first time on appeal, thereby precluding the creation of an adequate factual record. **See Commonwealth v. Boyd**, --- A.3d ----, 2022 WL 17983088, at *2 (Pa. Super. Dec. 29, 2022); **Commonwealth v. Thorne**, 285 A.3d 908 (unpublished

memorandum) (Pa. Super. filed September 7, 2022); **Commonwealth v. Snyder**, No. 2060 EDA 2019, 2023 WL 315608 (Pa. Super. filed Jan. 19, 2023).[2]

Thus, in accordance with the Supreme Court's jurisprudence in **Thorne** and **Torsilieri**, we remand to the trial court for an evidentiary hearing and an opportunity for Appellant to supplement his arguments with scientific evidence.

Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023

---

[2]  **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).